**FILED**

JAN 1 9 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　　　　　DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE SUBPOENAS FROM ARIGNA TECHNOLOGY LIMITED | § § § § § § § | MISC. CASE NO. **1:22MC0051 LY** <br><br> Action Currently Pending in the U.S. District Court for E.D. Texas (Case No. 2:21-cv-00054-JRG-RSP) |

### NXP USA, INC.'S MOTION TO QUASH AND MOTION FOR PROTECTION FROM PLAINTIFF'S DEPOSITION SUBPOENA

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, NXP USA, Inc.

("NXP") respectfully moves the Court to quash Plaintiff Arigna Technology Limited's ("Plaintiff"

or "Arigna") third-party deposition subpoena issued in *Arigna Technology Limited v. Volkswagen*

*AG, et al.*, Case No. 2:21-cv-00054-JRG-RSP (E.D. Tex.) ("Litigation") and protect NXP from

the undue burden, expense, and inconvenience imposed by Plaintiff's request for the unnecessary

and unreasonable deposition of a non-party.

### INTRODUCTION

While NXP is not a party to Arigna's Litigation against various automobile manufacturers,

for months NXP has far exceeded its non-party obligations to accommodate Plaintiff's discovery

requests. Indeed, NXP has produced hundreds of pages of responsive documents and provided

samples of relevant products, which had to be acquired from NXP's overseas affiliate. NXP has

also consistently followed-up on Plaintiff's requests for additional information and confirmation

thereof. In light of such accommodations and in lieu of an unnecessary deposition, NXP even

submitted a declaration (signed in Toulouse, France under penalty of perjury) conclusively

addressing certain issues raised by Plaintiff. NXP further offered to provide additional

declarations authenticating the documents it produced. Moreover, because NXP is a non-party to

Plaintiff's Litigation, NXP repeatedly requested that Plaintiff not subject it to the undue burden, expense, and inconvenience imposed by a live deposition, and instead offered to respond to a deposition on written questions.

Notwithstanding the entirely reasonable measures NXP, a non-party, has made to accommodate Plaintiff's requests, Plaintiff now seeks an unnecessary live deposition to obtain information that it already has or that can be obtained through far less burdensome means. Plaintiff's apparent desire for a video sound-bite for trial does not outweigh the undue burden placed on a non-party for a deposition, particularly when seeking the same information that Plaintiff already has from the non-party. For these reasons and the reasons stated herein, the Court should quash Plaintiff's deposition subpoena and enter an order protecting NXP from having to prepare and present a witness for deposition on the topics included therein.

## RELEVANT BACKGROUND FACTS

Notwithstanding NXP's cooperation with Plaintiff for months in non-party discovery, countless attempts to avoid an unnecessary and burdensome deposition, and Plaintiff's repeated agreement to consider waiving its deposition subpoena if NXP produced documents, Plaintiff nevertheless is now pressing for an unneeded deposition of NXP. *See* Ex. 1 (Declaration of E. Green), Attach. A (Deposition Subpoena). Because NXP has already provided Plaintiff all of the information—indeed likely more than all of the information—it could obtain through a live deposition, the only purpose of Plaintiff's subpoena is to harass, annoy, and inconvenience a non-party. The Court should quash Plaintiff's subpoena and protect NXP from the cumulative deposition sought by Plaintiff.

In August of 2021, Plaintiff served on NXP non-party subpoenas (1) to produce documents responsive to twelve broad categories and (2) for a witness to testify on eleven broad topics. *See* Ex. 1, Attachs. A (Deposition Subpoena) and B (Document Subpoena). During a conference

between the parties, Plaintiff expressed a specific interest in obtaining NXP's schematic for the VCO in the MR2001V, a voltage controlled oscillator, so that Plaintiff could assess the differences between NXP's schematic and a schematic Plaintiff separately obtained. *See* Ex. 1, Attach. C[1] (Email Exchange) at p. 37. NXP agreed to produce the schematic. In exchange, Plaintiff agreed to "table the remaining requests and toll NXP's deadline for responding" to its subpoenas. *Id.* at p. 36. Later that month, NXP produced the schematic to Plaintiff and permitted Plaintiff to share the document with its expert. *Id.* at pp. 35-36. Plaintiff again confirmed its agreement to "table the remaining requests and toll NXP's deadline" for responding thereto. *Id.*

In September, Plaintiff's counsel requested additional information about the schematic and various other document requests. *See id.* at pp. 32-33. In response to Plaintiff's requests, NXP confirmed *inter alia* that (1) it had produced the relevant final schematic (and, in lieu of a deposition, it would produce a declaration confirming as much, as well a business records declarations for any other documents it produced), (2) there were no pre-suit communications with Defendants regarding the Litigation, and (3) while it was not in possession of responsive market share data, NXP would produce a data sheet and certain available marketing materials related to the MR2001V *Id.* at pp. 31-32.

The parties' discussions continued and Plaintiff requested additional documents and certain confirmations related thereto, as well as a deposition of NXP. *Id.* at p. 30. NXP confirmed its initial responses to certain requests for information (including that the schematic it produced was "final" and relevant to the Litigation), and again responded that, in lieu of a deposition, NXP would submit a declaration to confirm as much. However, NXP noted that "the likely declarant is in

---

[1] Per CV-5.2, Attachment C is submitted with NXP's contemporaneously filed motion to seal. A redacted (public) version of Attachment C has also been filed with this Motion.

Europe," which was slowing the progress of producing same. *Id.* at 27-28. In any event, NXP produced the declaration on September 24, 2021, as well as additional documents responsive to Plaintiff's requests. *Id.* at p. 27; *see also* Ex. 1, Attach. D[2] (Declaration of Christophe Landez). NXP further stated that it was amenable to providing a declaration authenticating its document production if Plaintiff would confirm its agreement to withdraw its request for a deposition once it received the authenticating declaration. *Id.* NXP also stated, "[g]iven that we have now produced the information that is not otherwise available from the Parties, once the authentication declaration has been provided, we view NXP's response to [Plaintiff's] subpoenas as complete." *Id.*

In response, Plaintiff alleged that there remained certain "gaps and unanswered questions," and stated its intention to unilaterally issue a deposition notice for October 8, 2021. *Id.* at p. 26. NXP replied to each of the alleged "gaps" identified by Plaintiff, noting that it had produced responsive information, and confirming or clarifying its responses to previous inquiries from Plaintiff. *Id.* at p. 24-26. NXP also notified Plaintiff that its proposed deposition date would not work, and further that certain information sought by Plaintiff was in the hands of actual parties to the Litigation and should be sought by same. *Id.*

On September 27, NXP made yet another production of documents in response to Plaintiff's requests. *Id.* at pp. 23-24. On the same day, Plaintiff served NXP with a deposition notice for a deposition to occur on October 8, and NXP again notified Plaintiff that the date would not work. *Id.* at pp. 22-24. Following several conferences between the parties, on October 7, Plaintiff's counsel notified NXP that the October 8 deposition would be postponed. *Id.* at pp. 19-

---

[2] Per CV-5.2, Attachment D is submitted with NXP's contemporaneously filed motion to seal. A redacted (public) version of Attachment D has also been filed with this Motion.

22. NXP again reiterated its proposal that Plaintiff withdraw its deposition notice, and in exchange, NXP would work to secure Defendants' agreement not to challenge the accuracy of the schematic at issue. *Id.* On October 14, Plaintiff acknowledged that the deposition "has been moved off calendar for the time being," and asked that NXP confirm that it would provide authenticating declarations for the documents it produced. *Id.* at pp. 18-19.

The next day, NXP responded that it was wrapping up its investigation and would complete its productions the following week. *Id.* at p. 18. NXP again reiterated its proposal to secure Defendants' agreement not to challenge the accuracy of the schematic produced by NXP, if Plaintiff would withdraw its deposition notice. *Id.* NXP also again indicated its willingness to provide authenticating declarations if Plaintiff would agree to withdraw its subpoena. *Id.*

On October 21, NXP made a fourth production pursuant to the parties' discussions and again requested that Plaintiff withdraw its deposition subpoena. *Id.* at p. 17. On October 29, NXP's counsel again requested confirmation that Plaintiff would withdraw the deposition notice subject to the provision of authenticating declarations and assurances from Defendants. *Id.* at p. 15. Again, however, NXP's entirely reasonable proposal fell on deaf ears.

Throughout November, Plaintiff continued to unilaterally set proposed deposition dates, notwithstanding the fact that NXP had gone above and beyond its obligations in non-party discovery. *Id.* at pp. 7-15. Indeed, NXP produced hundreds of pages of documents responsive to Plaintiff's requests, consistently responded to Plaintiff's follow-up requests for information, provided a declaration confirming certain information sought by Plaintiff, permitted Plaintiff's experts to review NXP's highly confidential documents, and offered authenticating declarations. *See generally id.*

Nevertheless, Plaintiff continued to harass NXP for a wholly unnecessary deposition. On December 8, NXP again offered declarations in lieu of a deposition, after which Plaintiff's counsel again unilaterally proposed a deposition date on December 17. *Id.* at pp. 6-7. On December 12, NXP notified Plaintiff that a December 17 deposition would not work, and further responded that it had "provided a declaration related to the schematic, [] offered a record custodian declaration for the additional documents, and [] worked on obtaining Defendant's consent related to [a] records declaration," and accordingly, "it [was] unclear what topics Arigna is seeking a deposition on." *Id.* at p. 6.

In a subsequent meet-and-confer, NXP reminded Plaintiff that the MR2001V was designed and supported by a different NXP entity than the one subpoenaed by Arigna, that any deposition witness would be from NXP USA, Inc., and that such witness would be unable to answer any deposition questions on behalf of its corporate affiliate (as "there is no U.S. employee with substantive knowledge" of the documents that would be subject to Plaintiff's deposition questions). *Id.* at pp. 3-4. NXP also suggested that, in lieu of a live deposition, Plaintiff serve a deposition on written questions, which would be a more than sufficient alternative to a burdensome and pointless live deposition. *Id.* at pp. 3-4. Plaintiff simply responded "[w]e need a live witness," with no further explanation. *Id.* at p. 3.

Following another conference between the parties, on December 28, Plaintiff notified NXP that it was still seeking the deposition of an NXP witness to provide testimony on specific topics that Plaintiff narrowed its deposition request to, including:

> *- Confirmation that the produced schematic is authentic and reflects the final version of the MR2001V as manufactured;*
>
> *- High level description of the MR2001V and its intended use, including as described in the marketing materials NXP produced (e.g., ARIGNA_VW_NXP3P_00000465, -476, -479; -538, - 546, -583, -591, -602) [and]*

> *- Confirmation [of a certain customer for] the MR2001V. . .*

*Id.* at pp. 1-2. This, notwithstanding the fact that such information had been confirmed in writing

by NXP's counsel, through the .sworn declaration of a witness in France, and in produced

documents that can be authenticated through the offered business records declaration.

Finally, on January 12, Plaintiff served an amended deposition subpoena unilaterally

setting a deposition date of January 28. *See* Ex. 1, Attach. E[3] (Amended Subpoena). Plaintiff also

expanded its previously narrowed topics to include the following:

> *The circumstances under which the schematic produced by NXP with the Bates label ARIGNA_VW_NXP3P_00000001 was created and retained, including when it was created, who created it, and how it is stored.*
>
> *The products that include the circuit depicted in the schematic produced by NXP with the Bates label ARIGNA_VW_NXP3P_00000001.*
>
> *The intended use of the NXP MR2001V, including as described in the documents produced by NXP with the Bates labels ARIGNA_VW_NXP3P_00000465, -476, -479; -538, -546, -583, - 591, and -602)*
>
> *Each purchaser or customer of the NXP MR2001V. . . .*
>
> *The subject matter of each of the 23 documents produced by NXP in connection with this litigation, including the circumstances under which each document was created and retained, including when it was created, who created it, and how it is stored.*

*See id.* Notwithstanding these broadened topics, again, the information sought by Plaintiff has

been confirmed in writing by NXP's counsel, through a sworn declaration, and in produced

documents that can be authenticated through the offered business records declaration. And to the

extent Plaintiff's broadened topics seek information regarding how NXP created, retained, and

---

[3] While Attachment E is not a sealed exhibit submitted with the corresponding motion to seal filed contemporaneously herewith, confidential information not critical to this Motion has been redacted.

stored its documents, such topics seek information—from a non-party no less—that is wholly

irrelevant to any claims or defenses in this proceeding.[4]

Plaintiff's unrelenting attempts to seek the deposition of NXP are improper. The measures

NXP has taken in non-party discovery have been more than reasonable. NXP has consistently

worked with Plaintiff to produce requested documents and confirm information responsive to

Plaintiff's follow-up requests. Moreover, there are no personnel employed by the NXP entity

Arigna actually subpoenaed with personal knowledge of the information for which Plaintiff seeks

a deposition. Accordingly, Plaintiff's deposition subpoena amounts to nothing more than

harassment and annoyance, and places an undue burden on NXP, a non-party to Arigna's

Litigation.

## ARGUMENTS AND AUTHORITIES

Plaintiff's request for NXP's deposition is unreasonable and subjects a non-party to undue

burden. This is particularly the case given non-party NXP's extensive cooperation, including

production of responsive documents, submission of a declaration conclusively responding to

---

[4] Plaintiff's topics also appear to impermissibly seek discovery on discovery. Indeed, discovery about a party's document retention policies is not relevant to a claim or defense. *See, e.g., India Brewing, Inc. v. Miller Brewing Co.*, 237 F.R.D. 190, 192 (E.D. Wis. 2006) (denying plaintiff's motion to compel production of a document retention policy on the ground that it is not relevant to a claim or defense). This is essentially what Plaintiff seeks in requesting irrelevant information about how non-party NXP retains and stores its documents. In fact, courts typically require a threshold showing that discovery abuse has occurred before allowing discovery about a party's efforts to comply with discovery requests or its document retention policies. *See, e.g., Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 363-64 (N.D. Tex. 2013) (denying request for 30(b)(6) deposition on similar topics as irrelevant and overbroad); *Cunningham v. Std. Fire Ins. Co.*, No. 07-cv-02538, 2008 WL 2668301, at *5 (D. Colo. July 1, 2008) (granting motion for protective order preventing the deposition of a witness on the storage and preservation of backup e-mails as not relevant to the claims). Moreover, under Texas law, information about search methods is shielded from disclosure absent a showing of substantial need and undue hardship. *See, e.g., In re Exxon Corp.*, 208 S.W.3d 70, 76 (Tex. App.—Beaumont 2006, no pet.); *In re Boxer Prop. Mgmt. Corp.*, 14-09-00579-CV, 2009 WL 4250123, at *5 (Tex. App.— Houston [14th Dist.] Sept. 3, 2009, no pet.).

several of Plaintiff's clarifying requests, offer to prepare authenticating declarations, and proposal to respond to a deposition on written questions in lieu of a live deposition. A non-party such as NXP should not be subject to the harassment and undue burden of preparing and producing a witness to testify on information *already provided* under the penalty of perjury or that Plaintiff could obtain through less burdensome means. Plaintiff's desire for a sound-bite for trial does not outweigh the undue burden placed on a non-party for a deposition seeking information that Plaintiff already has.

## I.     **Applicable Standards**

### A.     Standards and Considerations for a Motion to Quash a Non-Party Deposition

Pursuant to Federal Rule of Civil Procedure 45(d), "[t]he target of a Rule 45 subpoena may seek to avoid compliance by filing a motion to quash or modify the subpoena." *See Defrates v. Podany*, 3:17-CV-1290-C, 2018 WL 9561795, at *1 (N.D. Tex. May 30, 2018) (citing Fed. R. Civ. P. 45(d)); *Kingsberry v. U.S.*, 07-CV-00118-DGW, 2012 WL 1296903, at *2 (S.D. Ill. Apr. 16, 2012). It is Plaintiff's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

Moreover, under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required ***must*** quash or modify a subpoena that . . . requires disclosure of . . . protected matter . . . [or] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). A court may also modify or quash a subpoena when the subpoena requires the disclosure of a "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

104176714.3

The target of a subpoena may move to quash it on the basis of undue burden by demonstrating that compliance with the subpoena would be unreasonable and oppressive. *See Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015) (quotations omitted). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, ***such as the party's need for the documents and the nature and importance of the litigation***." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (emphasis added, internal quotation marks and footnote omitted).

Among the factors that the court may consider in determining whether there is an undue burden are relevance, the need of the party for the information sought, the breadth of the request, the time period covered by it, the particularity with which the requested information is described, and the burden imposed. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y.1996) (quoting *United States v. International Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y.1979)).

Notably, it is much easier for a non-party to show undue burden than for a party.[5] *Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019); *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998); *Exxon Ship. Co. v. U.S. Dept. of Int.*, 34 F.3d 774, 779 (9th Cir. 1994) (non-parties are given "special protection against the time and expense of complying with subpoenas"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."). This is because "[n]onparties are 'strangers' to the litigation, and

---

[5] Indeed, while the ultimate question under Rule 26 is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient, "courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive'" inquiry than the one governing discovery generally. *Virginia Dept. of Corrections*, 921 F.3d at 189 (citations omitted).

since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves." *Id.* (Citation omitted).  Indeed, "[b]ystanders should not be drawn into the parties' dispute without some good reason, ***even if they have information that falls within the scope of party discovery***." *Id.* (emphasis added).

In addition, when the subpoena recipient is a nonparty, the court may also consider the expense and inconvenience to the nonparty in its undue burden analysis. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998); *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018).  Moreover, depositions may cause annoyance or undue burden if they are repetitive or unnecessary. *See* Nathan P. Nasrallah, Objecting to a Rule 30(b)(6) Deposition Notice, American Bar Association (Nov. 23, 2021).[6]

B.     The Standards and Considerations for a Motion for Protection from a Non-Party Deposition are Similar to Those Governing a Motion to Quash

"A nonparty who seeks to quash or modify a subpoena in essence is the same as moving for a protective order that such discovery not be allowed."[7]  Federal Rule of Civil Procedure 26(c) provides that a court may issue a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery . . . , prescribing a discovery method other than the one selected by the party seeking discovery; [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(A), (C), (D). While the party moving for a protective order must establish good cause and show the necessity

---

[6] Available at https://www.americanbar.org/groups/litigation/committees/mass-torts/practice/2021/objecting-to-a-rule-30b6-deposition-notice/

[7] The factors the Court should consider in deciding whether or not a protective order should be granted under Rule 26(c) are the same as those from *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *see also Huntair, Inc. v. Climatecraft*, 254 F.R.D. 677, 679 (N.D. Okla. 2008) ("A nonparty who seeks to quash or modify a subpoena in essence is the same as moving for a protective order that such discovery not be allowed.").

of its issuance, *see Huber v. Texas Woman's U.*, CV H-06-00303, 2006 WL 8446878, at *2 (S.D. Tex. June 16, 2006); *In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), "[g]ood cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Huber*, CV H-06-00303, 2006 WL 8446878, at *2 (citing Fed. R. Civ. P. 26(c)).

C.    Additional Considerations Applicable to Non-Party Discovery

A deposition—especially of a non-party—is also wholly inappropriate where, as here, the requesting party has already obtained sufficient discovery on the noticed topics.  *See, e.g., Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74–80 (D. Conn. 2010) (quashing noticed topics where the discovery already taken appeared adequate); *Tri–State Hosp. Supply Corp. v. U.S.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known"); *see also* Nathan P. Nasrallah, Objecting to a Rule 30(b)(6) Deposition Notice, American Bar Association (Nov. 23, 2021).  In the same vein, a court should not permit a deposition if it determines that the deposition will be unreasonably cumulative or duplicative, or that the same information can be obtained from another source that is more convenient, less burdensome, or less expensive.  *See* FRCP 26(b)(2)(C)(i); *see also Johnson v. State Farm Fire & Cas.* Co., CIV.A. 13-2629, 2014 WL 1276242, at *2 (E.D. La. Mar. 27, 2014) (same).

II.    **This Court Should Grant NXP's Motion to Quash and For Protection**

Requiring NXP to prepare and produce a witness to testify on information that Plaintiff already has, that is more readily available from actual parties to the Litigation, or that is not in the possession, custody, or control of NXP, would subject NXP to annoyance, harassment, unnecessary expense, inconvenience, and undue burden.  As a preliminary matter, Plaintiff's

subpoena is simply an excuse to seek information that is already known.  To the extent NXP has relevant information, it has already produced sufficient discovery and provided all follow-up information requested by Plaintiff.  Accordingly, any deposition of NXP would be unnecessarily cumulative and duplicative.  *See, e.g., Dongguk*, 270 F.R.D. at 74–80; *Tri–State Hosp. Supply Corp.*, 226 F.R.D. at 126.

Moreover, while NXP has already gone to great lengths to obtain responsive documents and product samples from its affiliate that was not subpoenaed, as well as the declaration of a witness in France, requiring NXP to prepare and produce a witness to testify on such documents and information would subject NXP to an unreasonable burden.  Indeed, no personnel employed by the entity actually subpoenaed by Arigna—NXP USA, Inc.—has sufficient knowledge to testify thereon, as the relevant part was developed and supported by another NXP entity.  Similarly, Plaintiff's burdensome deposition subpoena is wholly unreasonable, considering the facts of the case and Plaintiff's request for information it already has and no longer needs.  *See Wiwa*, 392 F.3d at 818.

Further, as NXP stated numerous times in its conferences with Plaintiff, much of the information sought by Plaintiff is either wholly irrelevant, or can be more easily (and properly) obtained by actual parties to the Litigation. *See, e.g., MetroPCS*, 327 F.R.D. at 627 (quashing deposition subpoena to non-party where deposition testimony would not have been relevant to plaintiff's claims and defenses).  Plaintiff is simply attempting to draw NXP, a "bystander," into the parties' dispute for no good reason. *Williams,* 178 F.R.D. at 109.  This should not be permitted "even if [NXP] ha[s] information that falls within the scope of party discovery." *Id.*

Simply put, the salient factors a court considers in determining whether there is an undue burden—especially to a non-party—weigh in favor of NXP.  Plaintiff seeks a deposition on

information for which it has no additional need.  Plaintiff's deposition subpoena places an undue

burden on NXP and further subjects NXP to undue "annoyance, embarrassment, oppression, [and]

expense. " Fed. R. Civ. P. 26(c)(1).

This Court should quash Plaintiff's deposition subpoena and grant an order forbidding

Plaintiff from subjecting NXP to an irrelevant, unnecessary, and cumulative deposition.

## CONCLUSION

For the reasons stated herein, non-party NXP respectfully requests that the Court quash

Plaintiff's deposition subpoena so that NXP has no further obligation to perform under the

subpoena, and enter an order that protects NXP from having to prepare and produce a witness to

provide testimony in response to Plaintiff's subpoena.  NXP also respectfully requests all other

relief to which it is entitled at law or in equity.

Dated: January 19, 2022

Respectfully submitted,

By:_____
       Eric C. Green

Richard S. Zembek
State Bar No.  00797726
richard.zembek@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Eric C. Green
State Bar No.  24069824
eric.green@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, TX  78701
Telephone: (512) 536-3009

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies counsel complied with the meet-and-confer requirements

of the Local Rules and this motion is opposed.  Specifically, on January 13, 2022, counsel for

Plaintiff Arigna Technology Limited and third party NXP USA, Inc., including applicable lead

and local counsel, spoke telephonically and discussed the request for relief contained herein.

Plaintiff opposes and continues to seek a deposition.  Accordingly, discussions have conclusively

ended in an impasse, leaving an open issue for the Court to resolve.

       Eric Green

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2022, all relevant counsel are being

served with a copy of this document via electronic mail.

_____
Eric Green