UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARIGNA TECHNOLOGY LIMITED, *Plaintiff* | § § § § § § § § § § | No.  A-22-MC-00051-LY |
| v. | | |
| VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., *Defendants* | | |

**TRANSFER ORDER**

Before the Court is Petitioner NXP USA, Inc.'s Motion to Quash and Motion for Protection from Plaintiff's Deposition Subpoena, Dkt. 1. Arigna Technology Limited has filed a Response, Dkt. 5, in which it requests the undersigned to deny the motion or alternatively transfer it to the court which originated the subpoena, located in the Eastern District of Texas.

NXP USA moves to quash Arigna Technology Limited's third party deposition subpoena issued in *Arigna Technology Limited v. Volkswagen AG, et al.*, Case No. 2:21-CV-54-JRG-RSP (E.D. Tex.), arguing that it needs protection from the undue expense, burden, and inconvenience of an unnecessary live deposition. NXP argues that it has already cooperated extensively in the discovery in this patent case, to which it is not a party, providing all the information it can to Arigna, including the focus of its discovery: a schematic for the VCO in the MR200IV, a voltage control oscillator, so that Arigna could ascertain the difference between NXP's schematic and a schematic Arigna had obtained separately. NXP asserts it

1

has offered to further cooperate by offering a declaration to confirm the authenticity and finality of the schematic or a deposition on written questions, but Arigna claimed that it needed a live witness. NXP asserts that any deposition would be simply for the purpose to annoy, harass, and inconvenience it, and the deposition of a live witness is unnecessary.

On January 12, 2022, Arigna served an amended deposition subpoena on NXP, setting a deposition date of January 28, 2022. Dkt. 1-3. The subpoena was issued by the United States District Court for the Eastern District of Texas, where United States District Judge James Rodney Gilstrap is presiding over this case, along with other, related cases. The subpoena requests compliance in Austin, Texas, located in the Western District of Texas where NXP is located.

The undersigned's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.*, Fed. R. Civ. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

> Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f). The Advisory Committee's comments to the amendment indicate that "[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of [Rule 45] . . . that motions be made in the court in which compliance is required under Rule 45." Fed. R. Civ. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). The Notes state further, however, that "transfer to the court where the action is pending is sometimes warranted," either where the nonparty consents, or where there are exceptional circumstances. *Id*. In making that decision, the Committee instructs that "the prime concern should be avoiding burdens on local non-parties." *Id*. The Committee counsels that transfer is appropriate for "exceptional circumstances" when the interests in having the issuing court being the one to decide the discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion." *Id*. The Court finds this is such an exceptional circumstance.

The case underlying the subpoena in issue originated in the Eastern District of Texas. It is a patent case, and from the undersigned's examination of its docket, with well over 400 entries, a complicated one. NXP argues that it has complied with discovery to the extent it can, and that no person employed by NXP, USA, Inc., has personal knowledge of the requested information. NXP asserts that Arigna either

already has the information it requests, that such information is more available from the actual parties to the litigation, or that the information is not in its possession custody, or control. Dkt. 1, at 12. The undersigned has no method of determining whether the information is in fact more available from the actual parties, the majority of whom are not subject to its jurisdiction. Arigna asserts that NXP is aligned with the Defendants is the underlying suit, as many of them are its customers.

The Court finds that in this case the interest in the issuing court deciding the discovery dispute outweighs NXP's interest in deciding the issue in Austin, Texas. While NXP is located in Austin, Texas, it maintains that it is the wrong NXP entity to respond to the deposition subpoena, because "there is no U.S. employee with substantive knowledge" of the documents that would be subject to Arigna's deposition questions. Thus, in any event, compliance would not occur in Austin, Texas, even if listed as the site of the deposition, it would occur virtually. NXP is a large company with international interests, and transfer of its motion to quash would cause it no undue burden.  Moreover, NXP's counsel is located in Houston, Texas, and apparently discovery rulings from the Eastern District are available through a "discovery hotline" without travel to the Eastern District; therefore, any travel burden on a local non-party imposed by transfer to the Eastern District of Texas is minimal. These facts alone present sufficient "exceptional circumstances" to support the transfer of the motion under Rule 45(f).

The underlying case in issue here is a patent case involving complicated relationships between many parties and nonparties and their interests in the patents in issue. The interest in having a single court decide all of these issues—the Court presiding over the case—outweighs NXP's interest in having the issue decided in Austin. Accordingly, transfer of NXP's Motion to Quash, Dkt. 1, is proper.

IT IS THEREFORE ORDERED that Petitioner NXP USA, Inc.'s Motion to Quash and Motion for Protection from Plaintiff's Deposition Subpoena, Dkt. 1, and all other pending motions in the case are HEREBY TRANSFERRED to the United States District Court for the Eastern District of Texas, Marshall Division. This miscellaneous action is ORDERED CLOSED.

SIGNED January 26, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE